UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 5 2019

David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. **M-19-214** |
| VICTORIA RENEE GUERRA | § | |

## CRIMINAL INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

At all times material to this Information:

1. A "health care benefit program" under Section 24(b) of Title 18, United States Code, was defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract."

2. The Federal Employee's Compensation Act ("FECA") was a health care benefit program as defined by Title 18, U.S.C. Section 24(b).

3. FECA provided workers' compensation benefits to federal employees who suffered an injury, disease, or death in the performance of duty. The benefits under FECA included pharmaceuticals and prescription medication necessary to treat symptoms resulting from a work-related injury when prescribed by a doctor and medically necessary.

4. The Department of Labor ("DOL") Office of Workers Compensation Program ("OWCP") administered the benefits under FECA. Providers of health care services were required to enroll with DOL-OWCP to receive a provider identification number and reimbursement under FECA.

1

### Compound Drugs (Generally)

5.      In general, "compounding" is a practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug or multiple drugs to create a drug tailored to the needs of an individual patient. Compound drugs are not approved by the U.S. Food and Drug Administration ("FDA"); that is, the FDA does not verify the safety, potency, effectiveness, or manufacturing quality of compound drugs. The Texas State Board of Pharmacy regulates the practice of compounding in the State of Texas.

6.      Compound drugs may be prescribed by a physician when an FDA-approved drug does not meet the health needs of a particular patient. For example, if a patient is allergic to a specific ingredient in an FDA-approved medication, such as a dye or a preservative, a compound drug can be prepared excluding the substance that triggers the allergic reaction. Compound drugs may also be prescribed when a patient cannot consume a medication by traditional means, such as an elderly patient or child who cannot swallow an FDA-approved pill and needs the drug in a liquid form that is not otherwise available.

### The Defendant and Related Companies and Individuals

7.      Victoria Renee Guerra ("GUERRA"), a resident of Hidalgo County, Texas, was a pharmacist licensed by the Texas Board of Pharmacy.

8.      GUERRA worked as a purported marketer for a pharmacy doing business within the McAllen Division of the Southern District of Texas, herein referred to as "Pharmacy A." Among other things, Pharmacy A filled prescriptions for compound drugs for which claims were submitted to health care benefit programs, including DOL-OWCP.

9. Pharmacy A was owned and operated by a resident of Hidalgo County, Texas, herein referred to as "Pharmacy Owner."

## COUNT ONE
## CONSPIRACY TO SOLICIT OR RECEIVE ILLEGAL REMUNERATIONS
## (18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(2))

10. Beginning in or about August 2014 and continuing through in or about June 2016, the exact dates being unknown, in the McAllen Division of the Southern District of Texas, and elsewhere, the exact dates being unknown, defendant,

### VICTORIA RENEE GUERRA

knowingly and willfully did combine, conspire, confederate and agree with others known and unknown, to commit certain offenses against the United States, that is to violate Title 42, United States Code, Section 1320a-7b(b)(2), by knowingly and willfully offering and paying remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, to physicians, known and unknown, to induce said physicians to refer individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by FECA; and to induce said physicians, known and unknown, to order or recommend ordering any good, facility, service, or item for which payment may be made in whole or in part by a Federal healthcare program, that is, FECA.

### OBJECT OF THE CONSPIRACY

11. The object and purpose of the conspiracy and scheme was for the defendant VICTORIA RENEE GUERRA and others to unlawfully enrich themselves through an illegal kickback scheme, and to induce one or more physicians to send prescriptions for FECA beneficiaries, including compound prescriptions, to Pharmacy A which, in turn, were billed to DOL-OWCP.

## MANNER AND MEANS

12. The manner and means by which VICTORIA RENEE GUERRA and her co-conspirators sought to accomplish the objects of the conspiracy included, but were not limited to, the following:

   a. GUERRA marketed the compound creams and other medications to doctors treating DOL-OWCP patients and induced doctors to send prescriptions for compound medications to Pharmacy A.

   b. GUERRA recruited a physician, herein referred to as "Doctor 1," to write prescriptions for compound creams and other medications for DOL-OWCP patients to be filled by Pharmacy A.

   c. GUERRA provided Doctor 1 with prescription pads that were designed to maximize reimbursement from DOL-OWCP.

   d. Doctor 1 sent, and caused to be sent, prescriptions to Pharmacy A for compound creams and other medications for DOL-OWCP patients in return for kickback payments from GUERRA totaling approximately $2.1 million.

   e. Pharmacy Owner made payments to GUERRA totaling approximately $7.5 million in return for prescriptions sent by Doctor 1, and other doctors, to Pharmacy A.

   f. The payments from Pharmacy Owner to GUERRA were used, in part, to pay kickbacks to Doctor 1 in return for the prescriptions sent by Doctor 1 to Pharmacy A.

   g. During the conspiracy, various entities were used to make kickback payments to Doctor 1. Pharmacy Owner used a limited liability company to make

payments to a limited liability company established by GUERRA. GUERRA, in turn, used her limited liability company to make payments to a limited liability company used by Doctor 1.

h. During the conspiracy, Pharmacy A submitted approximately $42.2 million in claims to DOL-OWCP for prescriptions written by Doctor 1, for which DOL-OWCP paid Pharmacy A approximately $18.2 million.

## OVERT ACTS

13. In furtherance of the conspiracy, and to accomplish its object and purpose, defendant VICTORIA RENEE GUERRA made, or caused to be made, several payments totaling approximately $2.1 million to Doctor 1 through the limited liability company used by Doctor 1.

14. One such payment from GUERRA to Doctor 1 occurred on or around October 1, 2014 in the amount of $216,018.63.

15. Another such payment from GUERRA to Doctor 1 occurred on or around October 29, 2014 in the amount of $268,153.05.

All in violation of Title 18, United States Code, Section 371 and Title 42, United States Code, Section 1320a-7b(b)(2).

## NOTICE OF CRIMINAL FORFEITURE
## (18 U.S.C. § 982(a)(7))

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice that upon Defendant's conviction of conspiracy to commit health care fraud charged in this Information, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

### MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.


RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
ANDREW R. SWARTZ
ASSISTANT UNITED STATES ATTORNEY